IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BUDDY D. GREEN                                                                                    PLAINTIFF

      v.                         Civil No.  6:11-cv-06045

DETECTIVE ANGELA GRAYBEAL,
Garland County Sheriffs's Office; SHERIFF
LARRY SANDERS; CHIEF PROSECUTOR
STEVE OLIVER; JUDGE RALPH OHM;
JOSHUA BEAN; and GREG KELLER                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Plaintiff, Buddy D. Green, is currently incarcerated in the Arkansas Department of Correction, East Arkansas Regional Unit.  He filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

    The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

    According to the allegations of the complaint, on September 25, 2010, Plaintiff was assaulted by two Arkansas Department of Correction inmates, Greg Keller and Joshua Bean.  Plaintiff sustained injuries in the altercation and was transported to St. Joseph Hospital for treatment.  At the time, both

inmates and the Plaintiff were incarcerated at the Garland County Detention Center.

Plaintiff requested that charges be filed against both Keller and Bean.  Plaintiff alleges he also requested that his hospital bill be "attached to the charges."  Plaintiff indicates the hospital bill was $5600 and the radiologist's bill was "around" $700.

Because he asked to press charges against Keller and Bean, while he was still at the hospital, Plaintiff states Officer Gamadinger took a report.  Plaintiff indicates Detective Angela Graybeal filed charges at his request.  Plaintiff indicates he asked her at the time, and again later when his wife received the bills, to attach the medical bills to the criminal charges.

After several months without hearing anything, he submitted a grievance on February 26, 2011.  In response, he was told that Bean was found guilty of the assault charge and sentenced to sixty days in jail.  He was informed that Keller had not been charged because Bean took responsibility for the assault.  If he had a question about the medical charges, Plaintiff was told to contact the prosecuting attorney's office.

Plaintiff alleges he wrote letters to Steve Oliver the head prosecutor, Sheriff Larry Sanders, Detective Graybeal, and Judge Ralph Ohm.  Plaintiff states that he received no responses to his letters.

As relief, Plaintiff seeks reimbursement for the hospital and radiologist's bill as well as compensatory damages.  Finally, he asks for legal fees and costs.

Plaintiff then sets forth claims duplicative to those asserted in Civil Case Number 6:11-cv-06044.  These claims arise out of the alleged perjury of Detective Graybeal in an affidavit of probable cause.  In the affidavit, Detective Graybeal stated that on October 25, 2005, Plaintiff went to the Arkansas Social Security Administration and filled out an application in an attempt to get a social security card in Scott Cooper's name.  Plaintiff states that on that day he was in St. Louis, Missouri, with his attorney's assistant.

**2. Discussion**

Plaintiff's case is subject to dismissal.  First, the claims against Detective Graybeal are duplicative of those asserted in Civil Case Number 6:11-cv-06044 and should be dismissed for that reason.  *See e.g, Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995)(no abuse of discretion in dismissing action as frivolous under § 1915 where the complaint merely repeats pending or previously litigated claims).

Second, a private citizen has no right to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Third, Steve Oliver, the prosecuting attorney is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the Defendant prosecuting attorney is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Fourth, Judge Ralph Ohm is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11

(1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Fifth, Bean and Keller are private parties and not subject to suit under § 1983. *Gibson v. Regions Financial Corp.*, 557 F.3d 842, 845 (8th Cir. 2009)(to be held liable under § 1983 a private party must be a willful participant in joint activity with the State or its agents). Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must allege that each Defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). No such allegations have been made in this case.

Sixth, no claim has been stated against Sheriff Sanders. The only allegation is that Sheriff Sanders failed to respond to a letter sent by the Plaintiff. This states no claim of constitutional dimension. *Cf. Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(no substantive rights actionable under § 1983 are created by grievance procedure).

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed with prejudice as the claims are frivolous, are against individuals immune from suit or are duplicative of those asserted in another

pending case. The dismissal of this case will constitute a strike and the Clerk should be instructed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of September 2011.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE